GEORGE T. WELCH v. THE HUBSCHMITT BUILDING AND
WOODWORKING COMPANY ET AL.

1. The parties to a building contract are legally bound by a provision
   that the decision of the architect shall be final and conclusive, subject,
   however, to the implied condition that the decision shall be an honest
   one.
2. Construing the contract clause and the specification clause together in
   this case, the conclusiveness of the architect's certificate extends only
   to the plans, the style, the measurements and the way in which the
   building shall be constructed. The workmanship and materials, with
   respect to their character and quality, must, under the specification
   clause, have the approval and acceptance of the owner and architect.
3. Whether, in the exercise of a fair and reasonable judgment, the
   owner and architect should approve and accept is a question for the
   jury.
4. By paying a part of the second installment before it was due under the
   contract, the owner discharged the surety of the contractor from all
   obligation.
5. Under the contract set forth in the certified case, if, on account of the
   default of the contractor, the owner completed the contract work, he
   had a right of recourse to the surety for any excess of reasonable cost
   over the contract price.

On contract. On case certified from Passaic Circuit.

The above-stated cause came on to be tried on Tuesday,
the 12th day of January, 1897, before his honor Jonathan
Dixon, judge of said Circuit Court, and a jury impaneled
and sworn for that purpose.

The suit was brought upon a bond, a copy of which is
found hereto attached in Schedule A.

The condition of said bond is that the said Hubschmitt
Building and Woodworking Company shall well and truly
perform all and every of the covenants and agreements men-
tioned in a certain building contract, according to the true
intent and meaning thereof, made on the same day by said
company with the plaintiff, a copy of which contract is hereto
attached and is found in Schedule B.

A part of the specifications put in evidence in said trial and pertinent to the question herein certified, read as follows: "The entire work to be done and furnished in every part in a good, substantial and workmanlike manner, according to the accompanying drawings and these specifications, to the full extent and meaning of the same and the entire satisfaction, approval and acceptance of the owner and architect."

This quotation from the specifications is repeated in Schedule C.

## SCHEDULE A.

Know all men by these presents, that Hubschmitt's Building and Woodworking Company, a corporation, incorporated under the laws of the State of New Jersey, and Aaron Kievitt of the city of Passaic, in the county of Passaic, and State of New Jersey, are held and firmly bound unto George T. Welch, of the city of Passaic, in the county of Passaic, and State of New Jersey, in the sum of one thousand dollars, lawful money of the United States of America, to be paid to the said George T. Welch, or to his certain attorney, executors, administrators or assigns; to which payment well and truly to be made, they bind themselves, their heirs, executors and administrators and successors, jointly and severally, firmly by these presents. Sealed with their seals and dated the thirtieth day of April, in the year of our Lord one thousand eight hundred and ninety-five.

Whereas the above-bounden Hubschmitt's Building and Woodworking Company has entered into an agreement of even date with these presents with the said George T. Welch to do all the carpenter work in a dwelling-house, and furnish materials for same; now, therefore, the condition of this obligation is such that if the said Hubschmitt's Building and Woodworking Company shall well and truly perform all and every of the covenants and agreements mentioned in said agreement, according to the true intent and meaning thereof,

then this obligation to be and remain in full force and virtue and effect.

HUBSCHMITT B. & W. W. Co.

ADAM HUBSCHMITT, Treas. [L. S.]

AARON KIEVITT.    [L. S.]

Signed sealed and delivered in the presence of

A. D. SULLIVAN.

## SCHEDULE B.

Articles of agreement, made the thirtieth day of April, one thousand eight hundred and ninety-five, between George T. Welch, of the city of Passaic, county of Passaic and State of New Jersey, of the first part, and Hubschmitt's Building and Woodworking Company, a corporation incorporated under the laws of the State of New Jersey, of the city of Passaic, county of Passaic and State of New Jersey, of the second part.

Witnesseth, first, the said party of the second part does hereby, for itself, its successors, covenant, promise and agree to and with the said party of the first part, his executors, administrators or assigns, that it, said party of the second part, its successors, shall and will, for the consideration hereinafter mentioned, on or before the first day of September, 1895, well and sufficiently erect and finish the new building; all the carpenter work of every kind and description in the dwelling-house to be erected by the said party of the first part, at the corner of Passaic and Paulison avenues, in the city of Passaic, agreeably to the drawings and specifications made by Herman Fritz, architect, and signed by the said parties, within the time aforesaid, in a good, workmanlike and substantial manner, under the direction of the said Herman Fritz, to be testified by a writing or certificate, under the hand of the said Herman Fritz, and also shall and will find and provide such good, proper and sufficient materials of all kinds whatsoever, as shall be proper

and sufficient for the completing and finishing all the said carpenter work and other works of the said building mentioned in the carpenter's specifications, for the sum of thirty-two hundred and twenty dollars. And the said party of the first part does hereby, for himself, his heirs, executors and administrators, covenant, promise and agree to and with the said party of the second part, its successors, that he, the said party of the first part, his executors or administrators, shall and will, in consideration of the covenants and agreements being strictly performed and kept by the said party of the second part as specified, well and truly pay, or cause to be paid, unto the said party of second part, its successors or assigns, the sum of thirty-two hundred and twenty dollars, lawful money of the United States of America, in manner following :

First payment ($550) to be paid when the house is framed, raised, sheathed and rafters put up.

Second payment ($785) to be paid when the house is enclosed, verandas finished, excepting outside steps and the blinds hung.

Third payment ($400) to be paid when the house is ready for mason.

Fourth payment ($800) to be paid when the standing trim is on, doors and sash hung, stairs completed, cellar work finished and floors laid, excepting the floors to receive wax finish.

Fifth and last payment ($685) to be paid when the house is all completed and accepted by the owner and architect.

Provided, that in each of the said cases a certificate shall be obtained and signed by the said Herman Fritz.

And it is hereby further agreed by and between the said parties—

*First.* The specifications and the drawings are intended to co-operate, so that any works exhibited in the drawings and not mentioned in the specifications, or *vice versa*, are to be executed the same as if it were mentioned in the specifications and set forth in the drawings to the true meaning and inten-

tions of the said drawings and specifications, without any extra charge whatsoever.

*Second.* The contractor, at its own proper costs and charges, to provide all manner of materials and labor, scaffolding, implements, moulds, models and cartage of every description for the due performance of the several erections.

*Third.* Should the owner, at any time during the progress of said building, request any alterations, deviations, additions or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation.

*Fourth.* Should the contractor, at any time during the progress of said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have power to provide materials and workmen, after three days' notice, in writing, being given, to finish the said works, and the expense shall be deducted from the amount of the contract.

*Fifth.* Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the said Herman Fritz, and his decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons, one employed by the owner and the other by the contractor, and those two shall have power to name an umpire, whose decision shall be binding on all parties.

*Sixth.* The owner shall not, in any manner, be answerable or accountable for any loss or damage that shall or may happen to the said works, or any part or parts thereof, respectively, or for any of the materials or other things used and employed in finishing and completing the same.

*Seventh.* No alterations or extra work shall be done without a written order from the architects and an express agreement, in writing, as to the cost.

In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year above written.

GEO. T. WELCH.                    [L. S.]

HUBSCHMITT B. & W. W. Co.

ADAM HUBSCHMITT, Treas.    [L. S.]

Signed, sealed and delivered in the presence of

HERMAN FRITZ.

SCHEDULE C.

*Extracts from Specifications.*

The following specifications apply to each individual con · tractor that may contract in any branch of the work.

The specifications are intended to embrace all of the labor and materials necessary in the construction and completion of the building in all its parts, the whole to be comprised within any contract or contracts that may be made for the same.

The entire work to be constructed and finished in a good, substantial and workmanlike manner, according to the accompanying drawings and these specifications, to the full intent and meaning of the same and to the entire approval and acceptance of the architect. Each contractor is to provide all materials and labor necessary for the completion and substantial execution of everything described. Work shown in part on drawings to be extended and completed same as if it were drawn out in full.

On the trial a nonsuit was ordered and afterwards a rule was allowed that the defendant show cause why a new trial should not be granted.

For the proper determination of that rule a legal response to the questions hereinafter stated is necessary.

The questions of law arising in the foregoing cause and reserved for review are the following, viz. :

*First.* Whether the decisions of the architect, made during the progress of the work, that any portions of the workmanship or materials were not according to the drawings and specifications, are final and conclusive.

*Second.* Whether, by paying part of the second installment before it was due, the owner discharged the surety from all obligation or only from obligation with respect to the work which the contract required to be finished in order to render the installment due.

*Third.* Whether, if the contractor refused or neglected to supply, &c., and on that account the owner, after three days' notice, prevented the contractor from proceeding with the work and himself completed the building, he can recover from the surety the reasonable expense of completion above the unpaid part of the contract price, in view of the express provision that he may deduct the expense from the price.

*Fourth.* Whether, this being a suit on the bond, the contractor can legally claim a judgment against the owner for damages occasioned by the owner wrongfully preventing the contractor from completing the work.

Being in doubt as to the foregoing questions of law, the Circuit Court has caused the foregoing case to be made and stated and does hereby certify the same to be argued before the bar of the Supreme Court for its advisory opinion on said questions.

January 25th, 1897.

JONATHAN DIXON,
*Judge.*

Argued at February Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *William W. Welch* and *Francis Scott.*

For the defendant, *John B. Humphreys* and *George P. Rust.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a case certified by Mr. Justice Dixon under section 247 of the Practice act. *Rev., p.* 887.

The questions certified, and all the facts which are before this court relating to said case are contained in the certificate hereto annexed. The first question submitted to this court is whether the decisions of the architect, made during the progress of the work, that any portions of the workmanship or materials were not according to the drawings and specifications are final and conclusive. The fifth clause of the contract reads as follows: "Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the said architect, and his decision shall be final and conclusive."

Part, only, of the specifications is contained in the certificate before us, and in that part is the following language: "The entire work to be done and finished in every part in a good, substantial, workmanlike manner, according to the accompanying drawings and these specifications to the full extent and meaning of the same, and the entire satisfaction, approval and acceptance of the owner and architect."

In *Chism* v. *Schipper*, 22 *Vroom* 1, it was conceded that parties to a building contract are legally bound by a provision that the decision of the architect shall be final and conclusive on questions whether work done in the course of the erection of the building are within the specifications or not, subject, however, to the implied condition that the decision shall be an honest one.

The case as certified does not advise us whether the architect's certificate relates to matters within the contract clause, or to those within the specification clause above recited. These clauses must be construed together, proper effect being given to each clause. The contract clause applies, by its terms, to disputes respecting the true construction and meaning of the drawings and specifications; it limits the finality of the architect's certificate to the construction of the drawings and specifications. The utmost effect that can be given to this certifi-

cate, under this language, is, that it shall be conclusive as to the plans, the style, the measurements and the way in which the building shall be constructed. But the workmanship and materials, with respect to their character and quality, must, according to the specification clause, have the approval and acceptance of the owner and the architect.

The defendant cannot be concluded as to these matters by a certificate of the architect.

Whether, in the exercise of a fair and reasonable judgment, the owner and architect should approve and accept the work and materials, is a question which the defendant has a right to submit to a jury.

In answer, therefore, to the first question, the Circuit Court is advised that if the certificate of the architect relates to matters within the contract clause as above interpreted, it is final and conclusive, otherwise it is not final.

The second question to be answered is, " Whether, by paying part of the second installment before it was due, the owner discharged the surety from all obligation, or only from obligation with respect to the work which the contract required to be finished in order to render the installment due?"

It is well-settled law that a surety, on paying a debt, is entitled to stand in the place of the creditor and be subrogated to his rights, and he is entitled to the benefit of the securities received by the creditor from the principal debtor. *King* v. *Baldwin*, 2 *Johns. Ch.* 554; 2 *Am. L. Cas.* 244; *De Coly. Prin. & S.* 438, 439, and cases cited.

In *Calvert* v. *London Dock Co.*, 2 *Keen* 638, the court, after stating the rule to be that if the surety pays the debt he is entitled to all the securities possessed by the creditor, says the question always is, whether what has been done lessens that security.

The second payment, as appears by the contract, was to be $785, to be paid when the house was enclosed, verandas finished, excepting outside steps, and the blinds hung.

So far as appears in the certificate, the work to be done before the second payment was earned never was done by the

contractor. The owner held in his hands a sum representing the value of that work, so far as it had been completed by the contractor, which sum was in effect a security in the hands of the owner that the contract work would be completed for the price agreed upon. The owner could have held and applied it to paying for the completion of the building. The payment of it to the contractor, when he had no legal claim to it under his contract, operated to the direct prejudice of the surety. It diminished the security which the owner had, and which he should have availed himself of in ease of the surety, and thereby the surety was discharged from all obligation.

Any material alteration in the terms of the contract will release the surety without regard to the extent of the injury to the surety. He has a right to stand upon the very terms of the contract. *Warden* v. *Ryan*, 37 *Mo. App.* 466 ; *Judah* v. *Zimmerman*, 22 *Ind.* 388 ; *Mayhew* v. *Boyd*, 5 *Md.* 102 ; *Johnston* v. *May*, 76 *Ind.* 293 ; *Brandt S. & G.*, § 397.

A surety on a building contract, where the principal is to be paid by installments, is discharged if the principal is paid faster than the contract provides. *General Steam Navigation Co.* v. *Rolt*, 95 *Eng. Com. L.* 550 ; *Calvert* v. *London Dock Co.*, 2 *Keen* 638.

And a discharge will be created by a departure from the terms of the contract respecting payments, though no injury is shown. *Simonson* v. *Grant*, 36 *Minn.* 439 ; *Ryan* v. *Morton*, 65 *Tex.* 258.

In this state it is held that a valid agreement between the holder of a note and the maker, to extend the time of payment, will discharge the surety who is not a party to such agreement, and this rule in nowise depends upon the extent to which the surety may be prejudiced. *Nightingale* v. *Meginnis*, 5 *Vroom* 461.

The third question submitted is, " Whether, if the contractor refused or neglected to supply, &c., and on that account the owner, after three days' notice, prevented the contractor from proceeding with the work, and himself completed the building, he can recover from the surety the reasonable ex-

pense of completion above the unpaid part of the contract price, in view of the express provision that he may deduct the expense from the price?"

The provision to which reference is made in this question was manifestly inserted to permit the owner, in case he could complete the building for a sum equal to or less than the contract price, to deduct the cost from the contract price; it was not intended to deprive the owner of the right of recourse to the surety for any excess of reasonable cost over the contract price.

The remaining question certified is, "Whether, this being a suit on the bond, the contractor can legally claim a judgment against the owner for damages occasioned by the owner's wrongfully preventing the contractor from completing the work?"

The right of the defendant contractor to set up such a claim in the same suit is given by the act of 1896 (*Pamph. L.*, *p.* 185), in cases where that act applies, provided a notice of the particulars of such claim be annexed to the plea and filed therewith.

The pleadings are not contained in the certificate, and as it does not appear that the required notice was filed by the defendant, this question must be answered in the negative.

The Passaic Circuit Court should be advised in accordance with the views hereinbefore expressed.