JERSEY CITY WATER SUPPLY COMPANY v. METROPOL-ITAN CONSTRUCTION COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

Argued February 18, 19, 1908—Decided June 8, 1908.

A contract for the building of a water-supply plant provided for an approximate estimate of the value of the work for each month, and then stipulated that eighty per cent. of the estimate should be paid to the contractor by the owner within five days, and that at the completion of the work a final estimate should be made, and the entire cost paid to the contractor, less previous payments and amounts to be retained. The owner did not observe the stipulation to pay only eighty per cent. of each monthly estimate,

420    NEW JERSEY SUPREME COURT.

Jersey City Water Co. v. Met. Const. Co.    76 N. J. L.

but paid to the contractor in excess of that percentage. The contractor abandoned the work, and the owner was required to complete the contract, the cost of which did not exceed twenty per cent. of the total amount of the monthly estimates. In a suit by the owner against a surety for the contractor for the cost of the completion of the work—*Held,* that the surety was entitled to the benefit of the twenty per cent. which the contract stipulated the owner should withhold from each monthly payment, and that the payment of twenty per cent. in advance was a violation of the contract of the surety, and where the amount advanced exceeds the cost of completion the surety is absolved from liability on that part of its obligation.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff, *Michael Dunn.*

For the fidelity company, *McDermott & Enright.*

The opinion of the court was delivered by

BERGEN, J.    This suit was brought to recover upon a bond given by the Metropolitan Construction Company as principal and the Fidelity and Deposit Company of Maryland as surety, to the plaintiff, conditioned that the principal obligor would construct an embankment or dike for the plaintiff according to the terms of a written contract. The construction company having failed to fulfill its contract, the plaintiff, as it was justified in doing under the contract, completed the work at a cost in excess of the contract price of $4,531.01, as ascertained by the verdict in this case.

The fidelity company was allowed a rule to show cause why the verdict and judgment thereon should not be set aside, and insists, in support of the rule, that the plaintiff so altered and modified its contract with the construction company as to relieve it from liability. The alterations and modifications claimed were—*first,* those relating to the character of construction, resulting in increasing the amount and cost, and *second,* payments were made contrary to the terms

JUNE TERM, 1908. 421

*47 Vroom.*        Jersey City Water Co. v. Met. Const. Co.

of the contract in advance of maturity out of moneys to be retained until the completion of the work.

The first point has no merit, for while it is admitted that after the signing of the contract the original plan of construction was changed to such extent as to require new plans to be prepared, made necessary by the compromise of a dispute with Jersey City (article 35 of the contract), after stating that a dispute had arisen between the water company and the city of Jersey City as to the form of dike which would be built, expressly stipulated that the contractor should perform such additional work as might be required under the demand of Jersey City at the price bid in the contract. The condition of the bond contains the following: "Said surety herein has agreed, and do hereby agree, to such modifications and alterations as may be made by the said Jersey City Water Supply Company and said principal, or to such increase in the quantity of work to be performed as may become necessary through the demands of Jersey City."

The surety is chargeable with knowledge of the contents of the contract it undertook to guarantee, and it recited that a dispute then existed between the plaintiff and the city of Jersey City as to the form of the dike to be built; that the dispute concerned the cross section and specifications of the dike, and if the demand of Jersey City with regard to the specifications should be adopted, it would require a large increase in certain of the estimated quantities, and the condition of the bond recognized the existence of the dispute and agreed to such modifications as the acceptance of the demands of the city might require. We are of opinion that the claim of the surety company on this branch of the case has no legal support, and that the modifications referred to were of the character contemplated by the parties to the bond and do not relieve the surety of its obligation.

The second point involves the question whether, under the contract, the water company was required to retain, from each monthly estimate of the work done, twenty per cent. of the value thereof, and if so; whether the neglect to retain

such percentage operated as a discharge to the surety from all liability under its condition of indemnity.

Article 21 of the contract, in providing for an approximate estimate of the value of the work done for each month, reads: "This estimate will be countersigned by the chief engineer and 80% of such estimate will be paid to the contractor by the company within five days thereafter." Article 23 provides that after the completion of the work a final estimate shall be made and when approved by the chief engineer the company should pay the entire sum, after deducting "all previous payments and all amounts to be kept and all amounts to be retained under the provisions of this contract."

The water company, it is admitted, did not retain the twenty per cent. until the completion of the work, but paid to the contractor, on account of the monthly estimates, money in excess of the eighty per cent. The trial court instructed the jury on this subject as follows: "I charge you that under that clause in the bond, the surety company became liable for any modifications and alterations which were made by the water company and the construction company relevant to this twenty per cent. * * *. So I charge you that that gave the water company and the construction company the power without consulting the surety company of making modifications." This we conceive to be an erroneous construction of the contract expressed in the bond; the modifications and alterations named in the reciting part of the condition of the bond manifestly refer to such as may become necessary through the demands of Jersey City, as set out in section 35 of the contract, and the condition proper is, "perform the work and furnish the materials in accordance with the terms of said contract as it now is, and as it may at any time be changed by any such modification or alterations." Clearly indicating that the performance of the work and furnishing of materials are alone the subject of modification.

We are of opinion that under the bond and contract the surety was entitled to have twenty per cent. of each monthly estimate held until the completion of the contract, and that being entitled to such indemnity, where it is admitted, as in

this case, that the twenty per cent., if retained and held in hand until the contractor abandoned the work, would have been sufficient to complete it, the payment of the twenty per cent. in advance releases the surety from liability.

We have been referred to *Guttenberg* v. *Vassel,* 45 *Vroom* 553, as supporting the plaintiff's case, but in that case the condition of the bond expressly stipulated that it should not become void by reason of any payment made to the contractor in advance or contrary to the terms of the contract. No such waiver or stipulation appears in this bond, and the payment of the twenty per cent. in advance was in violation of the contract of the surety, and to the extent it is injured thereby it is released.

The present case, in its legal aspect, is practically identical with *Welch* v. *Hubschmitt Company,* 32 *Vroom* 57.

If the twenty per cent. had been retained it would have been more than was required to complete the contract and therefore the surety is entitled to be entirely discharged.

The rule is made absolute.