*53 Vroom.* Gerisch v. Herold.

JOHN C. GERISCH, DEFENDANT IN ERROR, v. RUDOLPH HEROLD, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided June 20, 1912.

A building contract provided that the builder should erect and finish a house in a good, workmanlike and substantial manner, to be testified by a writing or certificate under the hand of the architect and should provide good, proper and sufficient materials for completing and finishing all the work; that the last payment should be made when all the work was completed according to the plans and specifications to the satisfaction of the owner or his representative; that should any dispute arise respecting the true construction or meaning of the drawings or specifications, it should be decided by the architect and his decision should be final and conclusive. *Held*, (1) that is was incumbent upon the builder in an action upon the contract to prove that the building was completed to the satisfaction of the owner or his representative; (2) that, under the terms of the contract, the architect was not the representative of the owner; (3) that the duty of the architect was limited to certifying (*a*) whether the house was finished in a good, workmanlike and substantial manner and did not extend to the goodness, propriety and sufficiency of the materials; and (*b*) to deciding upon the true construction or meaning of the drawings and specifications; and that his certificate that the plaintiff was entitled to the final payment was not conclusive upon the owner.

On error to the Supreme Court, whose opinion is reported in 52 *Vroom* 171.

The plaintiff agreed to erect and finish a house in a good, workmanlike and substantial manner under the direction of

Joseph Turck, architect, to be testified by a writing or certificate under the hand of Turck, and also to find and provide good, proper and sufficient materials for completing and finishing all the work. The defendant agreed to pay for the same in four payments, the last of which, $3,000, was to be made when all the work was completed according to the plans and specifications to the satisfaction of the owner or his representative. The contract also provided in the ordinary form that should any dispute arise respecting the true construction or meaning of the drawings or specifications, it should be decided by Joseph Turck, and his decision should be final and conclusive. This suit is for the last payment. One plea averred that the plaintiff did not complete all the work to the satisfaction of the owner or his representative. The replication to the plea averred that the owner fraudulently withheld his satisfaction, and on this issue was joined. This issue was not submitted to the jury, and the defendant did not request its submission. He relied upon a motion to nonsuit for failure of the plaintiff to prove that the work was done to the satisfaction of the owner or his representative. The architect had certified that the plaintiff was entitled to the payment of $3,000 by the terms of contract.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *J. Emil Walscheid.*

The opinion of the court was delivered by

SWAYZE, J. Contracts requiring the work to be satisfactory to the employer are valid. *Gwynne* v. *Hitchner,* 37 *Vroom* 97. This decision has been approved in this court in a suit involving the same contract. *Gwynne* v. *Hitchner, supra.* A distinction is sometimes made between cases where the fancy, taste, sensibility or judgment of the promisor are involved, and cases where only operative fitness or mechanical utility is involved. 9 *Cyc.* 618. Gwynne v. Hitchner was a case of the former class, and although the case of a building contract is somewhat different, we see no reason to doubt that

the mere taste or fancy of the owner may be an important element in a dwelling-house at least. The Supreme Court has applied the rule to that situation, and we do not question the soundness of its decision. *Welch* v. *Hubschmill Company,* 32 *Vroom* 57. In the present case, the parties made a clear distinction between the workmanship and the materials. The character of the former was to be testified to by Turck's certificate; the only provision as to the latter is that they should be good, proper and sufficient for completing the work. The workmanship might well be left to the judgment of another, while the owner to gratify his own taste might well desire to retain control of the latter himself.

No doubt it is true, as Mr. Justice Holmes said in *Hawkins* v. *Graham,* 149 *Mass.* 284: "When the consideration furnished is of such a nature that its value will be lost to the plaintiff either wholly or in great part unless paid for, a just hesitation must be felt, and clear language required before deciding that payment is left to the will, or even to the idiosyncrasies of the interested party." The court in that case seized upon the words "or the work demonstrated" as offering an alternative to the owner's acknowledgment. In a later case the same court drew a distinction between cases in which the decision of a particular person is referred to, and a case where machinery was guaranteed to work in a satisfactory manner, and held that the latter case involved a "result to be passed upon in a reasonable way in accordance with a standard stated in words. *Lockwood Manufacturing Co.* v. *Mason Regulator Co.,* 183 *Id.* 25. The present case is one where the decision of a particular person (the owner or his representative) is referred to, a class of cases in which the Massachusetts courts recognize that the dissatisfaction of the promisor need not be a reasonable dissatisfaction to bar recovery by the promisee. The decision of the New York Court of Appeals seems to be to the contrary. *Doll* v. *Noble,* 116 *N. Y.* 230. The case is entitled to less weight for the reason that the learned judge failed to distinguish between a case where the owner withheld satisfaction unreasonably and one where he withheld it in bad faith. All the cases recognize that the

owner must act in good faith. The reasoning of Chief Justice Beasley, in *Chism* v. *Schipper, 22 Vroom* 1, applies with greater force to such a case as the present, where it is the owner himself who is to be satisfied. Of course, he cannot avail himself of his own fraud to escape liability on his contract. The motion to nonsuit would have been properly denied if there was evidence of bad faith on the part of the owner. We are not called upon to decide whether the jury in a proper case might be permitted to infer fraud from the fact that the owner was not satisfied with the architect's certificate. The case was not tried on that theory. If it had been, the defendants should have been allowed to ask the question of the plaintiff that was excluded, Whether Turck did not tell him at the time he received the certificate that he (Turck) had been discharged as architect. Not only was the case not tried on the theory that the owner acted in bad faith, but no inference of bad faith could be drawn from his refusal to be satisfied by the architect's certificate, since by the terms of the contract that certificate covered only the execution of the contract in a good, workmanlike and substantial manner, and the plaintiff specifically contracted to furnish good, proper and sufficient materials to complete the work, with no provision authorizing or requiring the architect to certify whether he had in fact done so or not. The distinction is pointed out by Mr. Justice Fort in *Newark* v. *New Jersey Asphalt Co.,* 39 *Id.* 458, 463. The contract, it is true, made the architect's decision final as to some things, but it was only as to the true construction or meaning of the drawings or specifications. The learned trial judge fell into error in thinking that the architect's certificate covered not only these points but also the question whether the payment was due. His charge as to the finality of the architect's certificate would have been correct if he had limited it to the points to which the parties limited it by their contract. They contracted that the final payment should be due when all the work was completed according to the plans and specifications to the satisfaction of the owner or his representative, provided that in case of each payment a certificate should be obtained

and signed by Turck. Thus they made for the final payment a double condition—*first,* a certificate by the architect; *second,* satisfaction of the owner or his representative.

The case differs from Welsh *v.* Hubschmitt Company because in that case satisfaction of the owner and architect was required; here only that of the owner or his representative. The question remains whether Turck was the representative of the owner. Our reason for thinking he was not is threefold—*first,* it was unnecessary to require his certificate for the final payment if the payment was to be made upon his being satisfied. By requiring satisfaction of the owner or his representative in one clause and a certificate from Turck in a proviso immediately following, the parties seem to have had two different persons in view; *second,* Turck had already been designated as the architect, and the word "architect" would have been more natural in this clause than the word "representative" if he had been meant; *third,* he was made by the contract the judge between the parties as to most important portions of the contract, which were likely to lead to controversy between builder and owner. To have made him the representative of the owner would have deprived him of the judicial position in which the parties meant him to stand, and thereby have deprived his certificate of that conclusive character against the builder which was given to it by the express terms of the contract.

We think for these reasons that there was error, and that the judgment must be reversed that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 12.