(September 24, 1926.)

## RODERICK DEWAR, Respondent, v. H. C. TAYLOR, Appellant.

[249 Pac. 773.]

LOGS AND LOGGING—CONTRACT—REASONABLE PERFORMANCE—ACTION FOR BREACH—PROSPECTIVE PROFITS—PLEADING—DAMAGES—EXPERT TESTIMONY—BURDEN OF PROOF—EVIDENCE INSUFFICIENT TO SUPPORT VERDICT.

1. Contract to log certain timber is one where loss of prospective profits is natural and necessary result of breach and presumed to have been contemplated by parties, and so need not be specially pleaded.

2. Contract to do logging satisfactorily to owner requires only reasonable performance.

3. Under C. S., sec. 6712, as to pleading and burden of proof of performance of conditions of contract, contractor in logging contract, suing for breach, on his general allegation of due performance by him of all conditions being controverted, has burden of showing that, as required by contract, he pushed work as fast as possible and performed it in a reasonably satisfactory manner.

4. Logging is a business, the proper methods of doing which call for expert testimony.

5. Provision of logging contract that contractor shall push the work as fast as possible is to be given effect, as well as one providing for full performance by certain date.

6. Logging contractor, required to do work in reasonably satisfactory manner, may not operate chute with reckless disregard to defects, causing logs to 'jump out, without taking steps to correct defects, though chute was constructed by log owner.

7. Evidence *held* insufficient to support verdict for plaintiff, logging contractor having burden of establishing reasonable performance.

Publisher's Note.

1. See 17 R. C. L. 1162.

See Damages, 17 C. J., sec. 113, p. 788, n. 70; p. 789, n. 71; sec. 314, p. 1017, n. 80.

Evidence, 22 C. J., sec. 754, p. 656, n. 97.

Logs and Logging, 38 C. J., sec. 82, p. 189, n. 47, 55; sec. 86, p. 191, n. 75.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Action for damages for breach of contract. Judgment for plaintiff. *Reversed and remanded.*

H. J. Hull, for Appellant.

The judgment of a trial court will be reversed when there is no substantial evidence to sustain it. (*Keltner v. Bundy,* 40 Ida. 402, 233 Pac. 516; *Clarke v. Blackfoot Waterworks, Ltd.,* 39 Ida. 304, 228 Pac. 326; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827; *McConnon & Co. v. Hodge,* 26 Ida. 376, 143 Pac. 522; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465.)

The rule and statute (C. S., sec. 7170) that where a substantial conflict in the evidence exists the verdict of the jury will not be disturbed is subject to the exception that the verdict will be reversed, notwithstanding the conflict, where it is plainly contrary to the decided weight of the evidence, so as to suggest that it was rendered through bias, prejudice or passion. (*Hawkins v. Pocatello Water Co., Ltd.,* 3 Ida. 766, 35 Pac. 711; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635.)

A contract obligating one party to execute to the "satisfaction" of the other creates a valid and enforceable obligation, but where fancy, taste or sensibility are not involved, such a provision will be construed to mean that the execution shall be done in a manner satisfactory to a reasonable person. (*Keeler v. Clifford,* 165 Ill. 544, 46 N. E. 248; *Erikson v. Ward,* 266 Ill. 259, Ann. Cas. 1916B, 497, 107 N. E. 593; *Isbell v. Anderson Carriage Co.,* 170 Mich. 304, 136 N. W. 457; *Gerisch v. Herold,* 82 N. J. L. 605, Ann. Cas. 1913D, 627, 83 Atl. 892; *Waite v. C. E. Shoemaker & Co.,* 50 Mont. 264, 146 Pac. 736.)

If parties voluntarily assume the obligations and hazards of a "satisfaction" contract, their legal rights, subject to the rule of construction above stated, will be determined

and adjudged according to its provisions.   (*Isbell v. Anderson Carriage Co., supra.*)

In an action on a "satisfaction" contract, the burden is on the plaintiff to show that the work was performed in a satisfactory manner subject to the foregoing rule of construction.   (*Garisch v. Herold, supra.*)

In cases involving a specialized art, or line of work with which the average juryman is not familiar and has no general knowledge or experience, and expert testimony is relied upon solely, then the jury are bound to find their verdict within the range of the expert testimony.   (*Hollingshead v. Watkins,* 186 Iowa, 582, 173 N. W. 4; *Moehlenbrock v. Parke Davis & Co.,* 145 Minn. 100, 176 N. W. 169; *Moratzky v. Wirth,* 74 Minn. 146, 76 N. W. 1032.)

James A. Wayne, for Respondent.

Where the evidence is conflicting, but there is substantial evidence to support a verdict, the same will not be reversed on appeal.   (C. S., sec. 7170; *Larsen v. McKenzie,* 41 Ida. 715, 241 Pac. 607; *Kelly v. Arave,* 41 Ida. 723, 243 Pac. 366; *Nelson v. Johnson,* 41 Ida. 697, 243 Pac. 647; *Eastwood v. Schultz,* 42 Ida. 118, 243 Pac. 653.)

Where the contract is for the doing of ordinary work in a manner satisfactory to the other party, such other party cannot capriciously, wilfully, or through whim, refuse to be satisfied, but before he can rescind the contract he must show not only that he was dissatisfied, but had reasonable grounds for such dissatisfaction.   (*Duplex Safety Boiler Co. v. Garden,* 101 N. Y. 387, 54 Am. Rep. 709, 4 N. E. 749; *Dall v. Noble,* 116 N. Y. 230, 15 Am. St. 398, 22 N. E. 406, 5 L. R. A. 554; *Parlin & Orendorff Co. v. Greeneville,* 127 Fed. 55, 61 C. C. A. 591; *Union League Club v. Blymyre Ice Mach. Co.,* 204 Ill. 117, 68 N. E. 409; *Waite v. C. E. Shoemaker & Co.,* 50 Mont. 264, 146 Pac. 736.)

And the party required to perform the contract to the satisfaction of the other party is only required to perform such contract to the satisfaction of such party, so far as such party is acting reasonably in considering the methods of

performance. (*Erikson v. Ward*, 266 Ill. 259, Ann. Cas. 1916B, 497, 107 N. E. 593; *Hay v. Hassett*, 174 Iowa, 601, 156 N. W. 734; *Tobin v. Kells*, 207 Mass. 304, 93 N. E. 596; *Boville v. Dalton*, 86 Vt. 305, 85 Atl. 623; *Gladding, McBean & Co. v. Montgomery*, 20 Cal. App. 276, 128 Pac. 790; *Jackson Lumber Supply Co. v. Deaton*, 209 Ky. 239, 272 S. W. 717; *Jessup & Moore Paper Co. v. Bryant Paper Co.*, 283 Pa. 434, 129 Atl. 559; *Chandler, Gardner & Williams, Inc., v. Reynolds*, 250 Mass. 309, 145 N. E. 476.)

Whether there has been such a performance of a contract as should satisfy a reasonable person is a question for the jury. (*Yarno v. Hedlund Box & Lumber Co.*, 129 Wash. 457, 225 Pac. 659, 227 Pac. 518, and cases cited under this point.)

The evidence of experts, particularly on questions of values, if admissible at all, is not binding on the jury, but is advisory only; and the jury in arriving at their verdict may disregard such evidence. (McKelvey on Evidence, sec. 141; Jones on Evidence, sec. 392; Lawson on Expert and Opinion Evidence, p. 496; *The Conqueror*, 166 U. S. 110, 17. Sup. Ct. 510, 41 L. ed. 937; *McNutt v. Pabst*, 25 Cal. App. 177, 143 Pac. 77; *Prichard v. Hooker & Nixdorf*, 114 Mo. App. 605, 90 S. W. 415; *Cleveland v. Wheeler*, 8 Ala. App. 645, 62 So. 309; *Sellers v. Knight*, 185 Ala. 96, 64 So. 329; *Bonds v. Brown*, 133 Ga. 451, 66 S. E. 156.)

TAYLOR, J.—Plaintiff recovered judgment in the sum of $1,010, damages for breach of a contract by defendant, under which plaintiff was to log what afterward proved to be 505,000 feet of logs at $11 per thousand feet, the work having been stopped by defendant after part performance. The appeal is from the judgment and an order denying a motion for new trial.

[1] Appellant specifies that the court erred in permitting plaintiff to prove damages for loss of profits under a general allegation of damages, and not specially pleaded. This was one of that class of contracts where the loss of prospective profits is the natural and necessary result of the breach, and must be presumed to have been contemplated by

the parties in the making, and deemed to be contemplated in the breach thereof. In such case, the profits may be recovered without being specially pleaded. (*Robinson v. Rispin*, 33 Cal. App. 536, 165 Pac. 979; *Tahoe Ice Co. v. Union Ice Co.*, 109 Cal. 242, 41 Pac. 1020.)

Appellant specifies further as error the insufficiency of the evidence to sustain the verdict, and predicates error on this same insufficiency in the denial of a directed verdict and the denial of a new trial, and that because of such insufficiency the verdict must have been given under the influence of passion and prejudice.

As particulars of such insufficiency, he specifies that the contract required respondent to perform it in a manner satisfactory to appellant, and that the evidence is undisputed that such was not done, and that appellant's dissatisfaction was based upon reasonable grounds; that respondent had not been damaged in any sum because the evidence conclusively showed that the contract could not be performed for $11 per thousand feet, and that, when subsequently completed, the actual cost was $12 per thousand feet.

The contract obligated plaintiff to "log said timber satisfactorily to (defendant)," to "push the work just as fast as possible," and "to have all logs delivered by January 7, 1924." The defendant was to "advance . . . . sums of money as the work shall progress," and the contract provided that "time shall be of the essence of this contract." Plaintiff stated generally, in accordance with C. S., sec. 6712, that he had duly performed all conditions on his part, and "continued to prosecute work under said contract and in accordance with its terms and conditions at all times down to the twenty-second day of August, 1923," the date when it was taken over by defendant, and that he had "complied with all of the terms and conditions of said contract," and that he was then and thereafter "has at all times been ready, willing and able to prosecute work under said contract and to comply with all of the terms and conditions thereof, and to fully and completely perform said contract." These allegations of performance were denied by the defend-

ant, and in addition, as an affirmative defense, there were specific instances of failure pleaded.

[2] While it is true that a contract to perform such work satisfactorily to the defendant would require its performance only to satisfy a reasonable man, that is, a reasonable performance (*Yarno v. Hedlund Box & Lumber Co.,* 129 Wash. 457, 225 Pac. 659, 227 Pac. 518; *Gladding, McBean & Co. v. Montgomery,* 20 Cal. App. 276, 128 Pac. 790; *Jackson Lumber & Supply Co. v. Deaton,* 209 Ky. 239, 272 S. W. 717; *Boville v. Dalton Paper Mills,* 86 Vt. 305, 85 Atl. 623), yet, as said in *Yarno v. Hedlund Box & Lumber Co., supra,* pertinent to the issues therein. "It was open to the appellant, of course, to contend that the respondent was not prosecuting the work efficiently and continuously. . . . . "

[3] Likewise, in this case, it was open to defendant to contend that plaintiff did not "push the work as fast as possible" or perform it in a reasonably satisfactory manner, and the burden was upon plaintiff to "establish on the trial the facts showing such performance." (C. S., sec. 6712; *Gerisch v. Herold,* 82 N. J. L. 605, Ann. Cas. 1913D, 627, 83 Atl. 892.)

[4] Logging, such as was called for under this contract, is a business as to the methods of which experts are competent to testify, and which cannot be said to be within the common knowledge of jurymen upon which to draw entirely in support of their conclusions. It may be said that the plaintiff offered no proof that his performance of the contract was in accordance with approved methods, or reasonably satisfactory, or that it was performed in a manner to "push the work as fast as possible." While plaintiff introduced evidence of what he did in performance of his contract, he offered none as to his methods being in accord with usual methods adopted or such as should be reasonably satisfactory, and there was much evidence to the contrary.

At the time Taylor terminated the contract and took over the work, plaintiff had delivered 1,500 logs, approximately 100,000 feet, to the head of the chute and chuted them down.

Of these, 180 logs had jumped the chute and landed in a ravine, where it would cost a considerable amount to remove them and deliver them. in Steamboat Creek, where the contract called for delivery. Defendant had complained to plaintiff of his method of chuting large logs immediately behind small logs, by which the larger logs, moving more rapidly, ran upon the small logs and were thus caused to jump the chute. If these were average logs, this would establish that twelve per cent of this 100,000 feet jumped the chute. If large logs, as seems to be the case, the percentage was even greater. There was no testimony that this was a correct method or in accord with good methods, or an average of logs which would jump under such methods; and there was much proof to the contrary.

There was the evidence of competent witnesses that this jumping of logs was caused by a failure to properly chute the logs, and control the chute by placing fenders on the side where logs jumped and by putting in the chute anchors to retard the speed of the logs; and that an average breakage would not exceed two per cent, and that in this instance there was from two to eight per cent excess breakage due to these causes. The plaintiff offered no proof that his performance and delivery were by approved methods.

[5] · It is contended by plaintiff that, the contract having provided for its full performance by January 7, 1924, the verdict in his favor was a finding that he could have so performed it, and that the provision that he should "push the work just as fast as possible" is of no effect. All parts of the agreement must be given effect if possible, and so to hold would render meaningless this provision. The defendant had contracted to board the men and teams of plaintiff, and the evidence discloses that he was maintaining a cook outfit for this purpose at a cost of $150 per month. Plaintiff's own witness testified that the most efficient crew for performance of this contract would be approximately eight men and three teams. Plaintiff did not maintain such a crew, nor offer any evidence that such crew as he did maintain was such as to be reasonably efficient to push the work

just as fast as possible; and in fact when the work was taken over by defendant, the crew consisted of not exceeding two men. The plaintiff admitted that, due to the muddy towpaths, he could not keep a crew; that upon the day when the work was taken over he had been absent three days seeking men, and returned with but one man. There was competent evidence that the towpaths were improperly constructed, and none by plaintiff to justify their method of construction.

[6] Plaintiff contends that the chute was constructed by the defendant. It is true that the contract called for its construction, but the plaintiff made no claim that the chute was not proper. He accepted, approved of payment for, and operated, the chute. Defects in a chute, or corrections which must be made in it, may be discovered only upon operation; and good management and proper methods would require that the one operating the chute should take steps to correct these defects, such as, points at which logs might jump, or the speed at which they travel, rather than to operate the chute with reckless disregard of these faults, and then contend that such operation should be satisfactory to a reasonable person.

[7] Competent loggers may disagree as to reasonable methods of logging, but in the face of evidence from three apparently well-qualified loggers as to the unreasonableness of various methods pursued by plaintiff, there is not a word of evidence produced by plaintiff to support the burden upon him of establishing that his methods were reasonable, or to prove performance which should be satisfactory to a reasonable man, in the face of facts admitted that logs jumped the chute, and of the evidence that such jumping was excessive, that there was an excessive breakage, and that the towpaths were so muddy that the men refused to work therein, and plaintiff was unable to maintain a crew.

The evidence was wholly insufficient to establish that the plaintiff had "duly performed all conditions on his part." The plaintiff wholly failed to support the burden upon him of establishing on the trial "the facts showing such per-

formance." The evidence was insufficient to support the verdict. (*Clarke v. Blackfoot Water Works, Ltd.*, 39 Ida. 304, 228 Pac. 326.)

This renders it unnecessary to pass upon the further point raised, that the evidence was insufficient to establish any damages.

The judgment is reversed and a new trial ordered. Costs to appellant.

Budge and Givens, JJ., concur.