61 P.3d 595

**Louis J. STEINER d/b/a Louis J. Steiner Investments, Plaintiffs–Counterdefendants–Appellants,**

v.

**ZIEGLER–TAMURA LTD., CO., an Idaho limited liability company; Douglas Tamura and Thomas Ziegler, Defendants–Counterclaimants–Respondents.**

No. 27785.

Supreme Court of Idaho, Boise, October 2002 Term.

Dec. 31, 2002.

Jones, Gledhill, Hess, Andrews, Fuhrman, Bradbury & Eiden, PA, Boise, for appellants. Scott D. Hess argued.

Meuleman & Miller, Boise, for respondents. Michael Gregory Embrey argued.

WALTERS, Justice.

This case comes before the Court following the grant of summary judgment to the seller in a real estate transaction. The parties added provisions to their agreement providing that the property would be cleaned up to the buyer's satisfaction within 90 days and that the buyer would give his unqualified approval as to the condition of the property prior to closing. The property was not cleaned up within the 90 days nor did the buyer give his approval to the property prior to the closing date. The district court granted summary judgment to the seller, holding that the buyer's satisfaction with the cleanup and unqualified approval were conditions precedent that had not been met, which rendered the agreement void. We vacate the grant of summary judgment and remand the case for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Louis Steiner entered into an agreement to purchase real estate from Ziegler–Tamura, Ltd., Co. in July of 1999. Steiner sought the property to build homes on it. The closing of the agreement was extended several times to allow Steiner to evaluate the property and its development potential. In October 1999, Steiner discovered that the property had been previously used as a dumpsite and that the subsurface contained a substantial amount of buried waste and debris.

The parties executed an addendum to the agreement on December 28, 1999, which required Ziegler–Tamura to remove tires, tractor parts, and all other debris from the surface and subsurface of the site within 90 days of Steiner's acceptance of the addendum. These removal efforts were conditioned upon "Buyer's satisfaction." The addendum further provided that Steiner would release $20,000 of the earnest money to Ziegler–Tamura, but the release of those funds would not constitute a waiver of the requirement of Steiner's unqualified approval of the condition of the property or of the requirements of

governmental agencies and public utilities for development of the property with a subdivision containing a density of no less than 280 units.

The parties also decreased the purchase price and extended the closing date to June 30, 2000. The 90–day cleanup period ended on March 28, 2000. By letter dated June 8, 2000, prior to the completion of the cleanup, Steiner's attorney wrote Ziegler–Tamura referencing the above provisions and stated that Steiner could not approve the property in its present condition. Cleanup began on or about June 20, 2000, approximately 10 days before the scheduled closing. Approximately 92 hours were spent excavating and removing debris from the property.

On June 30, 2000, Todd Schaeffer, the real estate agent involved in the transaction, advised Steiner that the agreement would expire that evening. Schaeffer further requested Steiner to advise him as to the method of the inspection of the property. On that same day, Steiner filed a complaint seeking specific performance, alleging breach of the parties' agreement and breach of the covenant of good faith and fair dealing. Ziegler–Tamura counterclaimed for a declaratory judgment declaring that the agreement was void and for title to be quieted in its name. Steiner amended his complaint on November 20, 2000, adding a claim for recission of the contract based upon fraudulent concealment or misrepresentation.[1]

Ziegler–Tamura made attempts to contact Steiner to reach an agreement as to what additional steps could be performed in order for Steiner to approve the condition of the property. After the unsuccessful attempts, Ziegler–Tamura tendered the earnest money to Steiner, who refused to accept it. Ziegler–Tamura then filed a motion for summary judgment. The district court determined that the cleanup and unqualified approval as to the condition of the property were conditions precedent, which had not been met, therefore rendering the agreement void. Summary judgment was grant-

---

1. The claim alleging fraudulent concealment and/or misrepresentation was later voluntarily dismissed.

ed to Ziegler–Tamura. Steiner requested reconsideration of the summary judgment, which the district court denied.

Following the grant of summary judgment, Ziegler–Tamura filed a motion requesting attorney fees and costs. Steiner then attempted to amend his complaint to add equitable claims. The district court awarded costs and attorney fees to Ziegler–Tamura pursuant to I.C. § 12–120(3) and denied Steiner's request to amend. A judgment and amended judgment were entered in Ziegler–Tamura's favor. Steiner appeals.

## ISSUES PRESENTED ON APPEAL

1. Did the district court err in finding the real estate agreement between the parties void?
2. Did the district court err in denying Steiner's motion to amend his complaint?
3. Did the district court err in awarding attorney fees to Ziegler–Tamura?
4. Are either of the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on a summary judgment motion. *Baxter v. Craney,* 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c).

Generally, when considering a motion for summary judgment, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Construction Management Systems, Inc. v. Assurance Co. of America,* 135 Idaho 680, 682, 23 P.3d 142, 144 (2001). However, where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, "summary judgment is appropriate, despite

the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). *See also Cameron v. Neal,* 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997).

A district court's decision to allow the amendment of pleadings is reviewed for an abuse of discretion. *Hayward v. Valley Vista Care Corp.,* 136 Idaho 342, 345, 33 P.3d 816, 819 (2001). To review an exercise of discretion, this Court applies a three-factor test. The three factors are: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Baxter v. Craney,* 135 Idaho 166, 169, 16 P.3d 263, 266 (2000) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## DISCUSSION

1. **Did the district court err in ruling that the real estate agreement between the parties was void?**

The provisions of the parties' agreement at issue state:

2. Seller to remove tires, tractor parts, etc. and all other debris from surface and subsurface of site within 90–days of Seller's acceptance of this Addendum, to Buyer's satisfaction.

. . .

6. Buyer hereby releases $20,000 earnest money to the Seller. This release of earnest money does not constitute a waiver of the following contingencies for the closing of this transaction:

Buyer's unqualified approval of the condition of the subject property and any and all conditions and requirements of any governmental agencies and utility companies for development of the Property, including any conditions and requirements imposed for the approval of a preliminary and final plat for a subdi-

vision of the Property with a density of no less than 280 units.

Ziegler–Tamura accepted the addendum to the agreement on December 28, 1999. The 90–day cleanup period ended on March 28, 2000. It is uncontroverted that the cleanup did not occur within the 90–day period. The cleanup did not begin until June 20, 2000. It is apparent that Steiner did not give his approval, unqualified or otherwise, to the condition of the property on or before June 30, 2000; rather, he filed a complaint against Ziegler–Tamura on that date expressing his disapproval of the property.

The district court determined that the provisions included · in the addendum to the agreement were conditions precedent. The district court stated that:

the Agreement, although not artfully drafted, is not ambiguous and does create express conditions precedent which were never fulfilled, thus rendering the contract void.... It is undisputed that Steiner did not accept Ziegler–Tamura's cleanup efforts or otherwise give any indication of acceptance of the property prior to the June 30, 2000, closing date. Although the Complaint filed by Steiner on the closing date purports to assert a claim for breach of contract, it specifically refers to the contingency language in the contract and says that Steiner cannot close the transaction and purchase the property until the property is cleaned up to his satisfaction ... Thus, even the language of the Complaint, which was not changed in the Amended Complaint, clearly indicates that Steiner believed closing was contingent upon the cleanup and his acceptance of the property. In other words, the cleanup and acceptance of the property were express conditions precedent that did not occur before the closing date. Therefore, the agreement was void.

This Court disagrees with the district court's analysis and conclusion.

A condition precedent is an event not certain to occur, but which must occur, before performance under a contract becomes due. A condition precedent may be expressed in the parties' agreement, implied in fact from the conduct of the par-

ties, or implied in law (constructive) where the courts "construct" a condition for the purpose of attaining a just result. When there is a failure of a condition precedent through no fault of the parties, no liability or duty to perform arises under the contract. A condition precedent is distinguishable from a promise or covenant in that a condition creates no right or duty of performance in itself and its non-occurrence does not constitute a breach of the contract. "A promise in a contract creates a legal duty in the promisor and a right in the promisee; the fact or event constituting a condition creates no right or duty and is merely a limiting or modifying factor." A covenant is a duty under the contract, the breach of which gives a right to enforce the contract.

*World Wide Lease, Inc. v. Woodworth,* 111 Idaho 880, 887, 728 P.2d 769, 776 (Ct.App. 1986) (citations omitted). As a general rule, conditions precedent are not favored by the courts. *Id.* at 888, 728 P.2d at 777.

Here the parties expressed in the addendum that they intended for the property to be cleaned up to Steiner's satisfaction within 90–days of the acceptance of the addendum. Further, the parties agreed that Steiner would give his unqualified approval of the condition of the property prior to closing on June 30, 2000. However, these expressions are not conditions precedent to the closing of the contract. Rather, the parties intended for the cleanup and unqualified approval to be covenants or promises of the contract. The addendum is a change in the terms of the original contract; it does not add conditions precedent to the contract.

■ There is a duty of reasonable performance in every contract. *Dewar v. Taylor,* 43 Idaho 111, 112, 249 P. 773, 774 (1926). Further, the implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. *Idaho Power Co. v. Cogeneration, Inc.,* 134 Idaho 738, 750, 9 P.3d 1204, 1216 (2000). The covenant requires the parties to perform, in good faith, the obligations required by their agreement, and a violation of the covenant occurs when either party violates, nullifies or significantly impairs any benefit of the contract. *Id.*

The initial question is whether upon the expiration of the 90–day cleanup period Ziegler–Tamura met the cleanup provision as stated in paragraph 2 of the addendum. The cleanup was a promise that Ziegler–Tamura needed to perform. *See World Wide Lease,* 111 Idaho at 887, 728 P.2d at 776 ("A promise in a contract creates a legal duty in the promisor and a right in the promisee."). The record establishes that March 28, 2000, came and went without any complaints by the parties as to the cleanup process. There were some discussions and meetings between the parties as to the cleanup but no demands for the completion were made at the end of the 90–day period. Steiner did not formally complain about the cleanup process until his letter dated June 8, 2000, over two months after the 90–day period had ended. It appears that the parties disregarded the March 28, 2000, deadline and the passage of that deadline alone is insufficient for a breach of contract. Prior to June 30, 2000, ninety-two hours of excavating and removal of tires, trash, iron and other debris from the property was performed by Ziegler–Tamura.

There is a factual dispute over the reasonableness of Ziegler–Tamura's performance with respect to the cleanup efforts, which precludes the grant of summary judgment. Furthermore, there is insufficient evidence in the record for this Court to determine whether Ziegler–Tamura's cleanup efforts were reasonable and, if so, whether Steiner's approval was unreasonably withheld.

This Court vacates the district court's grant of summary judgment to Ziegler–Tamura and remands the case to the district court for further consideration.

## 2. Did the district court err in denying Steiner's motion to amend his complaint?

Steiner contends that the district court erred in denying his motion to amend his complaint based upon untimeliness of the filing. The district court determined that "[Steiner's] Motion to Amend was not filed until after summary judgment was entered and a motion for reconsideration was denied. There has been no showing why new theories

included in the proposed second amended complaint were not raised earlier. Therefore, the Motion to Amend is denied."

It is clear from the record that Steiner sought to amend his complaint to assert equitable theories for recovery only after the district court had granted summary judgment to Ziegler–Tamura dismissing Steiner's original claims. Because we set aside that judgment and remand the cause for further proceedings on the original claims, the order denying Steiner's motion to amend his complaint is also vacated and remanded for further consideration inasmuch as the timeliness of his application is no longer controlling.

## 3. Did the district court err in awarding attorney fees to Ziegler–Tamura?

Idaho Code § 12–120(3) allows for the recovery of attorney fees by the prevailing party in a civil action to recover on any commercial transaction.

Because Ziegler–Tamura is no longer the prevailing party in this case, the award of attorney fees by the district court is vacated.

## 4. Are either of the parties entitled to attorney fees on appeal?

Both parties seek an award for attorney fees on appeal under I.C. § 12–120(3). A prerequisite to an award of attorney fees under that section is that the party prevails. Ziegler–Tamura is not the prevailing party on appeal and therefore does not qualify for an award of attorney fees.

Although Steiner was successful, in part at least, on this appeal, it nonetheless remains to be determined whether he will ultimately prevail on his cause of action for breach of contract. Should Steiner ultimately prevail and satisfy the other requirements of I.C. § 12–120(3) for an award of attorney fees, the district court, in fixing the award, should of course consider the fees incurred in bringing this appeal. *Paloukos v. Intermountain Chevrolet Co.,* 99 Idaho 740, 746, 588 P.2d 939, 945 (1978).

## CONCLUSION

This Court vacates the district court's grant of summary judgment and remands the case to the district court for further consideration. The award of attorney fees to Ziegler–Tamura and the order denying Steiner's motion to amend his complaint are also vacated.

Costs are awarded to the appellant, Steiner.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, CONCUR.