691 P.2d 1283

**Delbert K. ARGYLE and Dora B. Argyle, husband and wife, Plaintiffs-Respondents,**

v.

**R.W. SLEMAKER, Ruth Slemaker, and the Wiser Oil Company, Defendants-Appellants.**

No. 14283.

Court of Appeals of Idaho.

Nov. 27, 1984.

A. Bruce Larson, Soda Springs, for defendants-appellants.

Isaac McDougall, Pocatello, for plaintiffs-respondents.

BURNETT, Judge.

This case involves a dispute over the validity of a mineral deed. The owners of the subject property, Delbert Argyle and his late wife, Dora, issued the deed to R.W. and Ruth Slemaker, now deceased, who then transferred the mineral interest through a chain of successors to the Wiser Oil Company. The Argyles later filed this action to quiet title against all claims of the Slemakers or their successors. The Argyles asserted that the mineral deed was void for several reasons—those pertinent here being that Mrs. Argyle's signature had been forged and that the deed had been delivered "in blank" (without a property description).

Wiser Oil answered the complaint and obtained a summary judgment. However, the judgment was overturned by our Supreme Court in *Argyle v. Slemaker*, 99 Idaho 544, 585 P.2d 954 (1978) (herein termed "*Argyle I*"). Upon remand the district court, upon the same record, entered another summary judgment, this time in favor of the Argyles. Wiser Oil appealed. For reasons set forth below, we vacate the second summary judgment.

Wiser Oil has raised two issues. The first is whether the Argyles should be estopped to attack the validity of the mineral deed in view of the fact that Wiser Oil, an innocent third party transferee, has succeeded to the interest conveyed by the deed. The second issue is whether genuine issues of material fact remain as to the validity of the deed. We turn first to the estoppel question.

■ On appeal from a summary judgment, this court determines whether there exist any genuine issues of material fact and, if not, whether the prevailing party below was entitled to judgment as a matter of law. I.R.C.P. 56(c). The issues considered on summary judgment are those raised by the pleadings. We acknowledge that federal practice may allow issues outside the pleadings to be urged on summary judgment. *See* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2721 (1983). But Idaho practice is more strictly limited. No dispute of fact is deemed "ma-

terial" within Rule 56(c) unless it relates to an issue disclosed by the pleadings. *First Security Bank of Idaho, N.A. v. Absco Warehouse, Inc.,* 104 Idaho 853, 664 P.2d 281 (Ct.App.1983); *Bennett v. Bliss,* 103 Idaho 358, 647 P.2d 814 (Ct.App.1982). In the present case Wiser Oil's answer to the Argyles' complaint sets forth no defense of estoppel. Such a defense must be pleaded affirmatively. I.R.C.P. 8(c). Neither does the answer specifically allege rights of an innocent transferee for value without notice. It simply asserts the validity of the mineral deed. Consequently, we decline to address the estoppel question on its merits in this appeal.

█ The dispositive issue, then, is whether the record shows, without a genuine dispute of material fact, that the deed is invalid. Wiser Oil contends that when the record is viewed in a light favorable to it, genuine disputes exist. However, before examining the record, we observe that no jury trial has been requested in this case. The district judge ultimately would be the trier of fact. In these circumstances the judge, when ruling on summary judgment, would be required to view conflicting evidentiary facts in favor of Wiser but not necessarily to draw inferences from uncontroverted facts in Wiser's favor. Rather, the judge could draw those inferences which he deems most probable. *See Riverside Development Co. v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982).

The record before us includes the depositions of Delbert and Dora Argyle. In his deposition, Mr. Argyle states that he signed the mineral deed without a description of the property attached. He further states that he later received copies of the deed and description by mail. Mrs. Argyle's deposition, though not entirely clear, contains a statement that she never signed the deed. The record contains no affidavit from the Slemakers who, like Mrs. Argyle, are now deceased. However, the record does contain the deed itself. It appears to have been duly notarized and recorded. A description of the property is attached by tape to the deed and it appears to bear the

initials of the notary public who acknowledged the signatures. Unfortunately, the record contains no deposition of the notary and he, too, is deceased.

█ Upon this record the district judge could have inferred from the notary's certificate and the initials on the property description that the description had been attached to the deed when it was signed and delivered. Indeed, had there been no other dispute in the evidentiary facts, this would have been the only reasonable inference. But there was an evidentiary conflict. As noted, Mr. Argyle claimed that the description was absent when he signed and delivered the deed. This conflict could not have been resolved without implicitly considering Mr. Argyle's credibility. Such a determination should not be made on summary judgment if credibility can be tested by testimony in court before the trier of fact. The record contains no specific showing that Mr. Argyle would be unavailable or unable to testify. The admissibility of such potential testimony was considered and upheld by the Supreme Court in Argyle I. Therefore, we conclude that summary judgment on this issue was inappropriate.

█ In contrast, the forgery issue does not turn upon Mr. Argyle's credibility. In his deposition, Mr. Argyle states that he cannot remember whether his wife had signed the deed. Mrs. Argyle, as we have noted, testified that she did not sign. Because this testimony conflicts with the deed itself, it would appear at first glance that an evidentiary conflict exists and that *Ritchie* would not empower the district judge to resolve this conflict on summary judgment. However, we believe *Ritchie* can be extended to this type of conflict. As noted, *Ritchie* allows the trial judge in non-jury cases to grant summary judgment on undisputed evidentiary facts, despite conflicting inferences, because the court alone will be responsible for choosing those inferences. Where, as here, the evidence is entirely confined to a written record, there is no

additional, in-court testimony to be obtained, and the trial judge alone will be responsible for choosing the evidentiary facts he deems most probable, we believe that such a choice similarly can be made on summary judgment.

 We now must decide whether the judgment granted to the Argyles impliedly contains a determination on the forgery issue. When a judge exercises the *Ritchie* power to choose inferences or, as we hold today, to resolve a conflict in wholly documentary evidence, our standard of review is whether the record is sufficient to support the district court's findings. *Ritchie,* 103 Idaho at 520, 650 P.2d at 662. In our view, this standard is equivalent to the standard of clear error prescribed by I.R. C.P. 52(a). Our view is consistent with *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983), holding that Rule 52(a) applies to all findings, whether made upon testimonial or documentary evidence.

 However, we cannot apply this standard here because the district court made no findings. Of course, findings ordinarily are optional, not mandatory, when rendering a summary judgment. *E.g., Bank of Idaho v. Nesseth,* 104 Idaho 842, 664 P.2d 270 (1983). But we believe that when a judge exercises the *Ritchie* power, findings should be made. Otherwise, the reviewing court cannot identify the judge's choices of evidence or of inferences, in order to determine whether they were clearly erroneous. Therefore, we decline to imply a finding of forgery to the summary judgment in this case. Absent such a finding, summary judgment on this issue cannot be upheld.

We conclude that the summary judgment must be vacated and the case remanded. Costs to appellant, Wiser Oil. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.