69 P.3d 1078

**LAND O'LAKES, INC., a foreign corporation, Plaintiff–Respondent,**

v.

**Gene BRAY and Beverly Bray, Defendant–Appellant.**

**No. 28531.**

Court of Appeals of Idaho.

May 2, 2003.

Emil F. Pike Jr., Twin Falls, for appellant.

Jerry V. Jensen, Buhl, for respondent.

LANSING, Chief Judge.

Defendants Gene and Beverly Bray appeal the order of the district court granting plaintiff Land O'Lakes' (LOL's) motion for summary judgment. We conclude that the district court erred by resolving factual issues and questions of credibility on summary judgment, and we therefore reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Land O'Lakes filed a complaint against the Brays seeking a money judgment in the amount of $107,078.62, for sums allegedly owed by the Brays on a promissory note and an open account. Shortly after service of the complaint, the Brays sent LOL a payment in the amount of $41,860.00. The Brays then filed an answer denying the allegation that they owed further sums. LOL filed a motion for summary judgment, to which the Brays responded with affidavits disputing LOL's claims.

The evidence presented to the district court on the summary judgment motion shows that from 1993 through August 2001, the Brays owned and operated a calf-raising business. During this time, they purchased calf feed from LOL on open account. In 1997, a dispute arose between the parties regarding the amount owed on the account. This dispute was eventually resolved, and the account balance was transferred to a promissory note. After the execution of the note, the open account remained available to the Brays, and LOL continued to deliver feed, charging it to that account. The Brays were to pay the account charges in full on a monthly basis in addition to making periodic payments on the note.

In late 1997, the Brays again questioned the amount that LOL was claiming to be due on the open account. As a result of the Brays' concerns, a representative of LOL, Vivian Barwell, corresponded with them, outlining the account balance and explaining how payments had been applied. Barwell also met with the Brays to discuss the amount due and, according to her affidavit, Barwell left that meeting under the assumption that the Brays understood and agreed with the amount claimed by LOL. An affidavit submitted by the Brays, on the other hand, said that the issues concerning the accuracy of the accounting were not resolved by their meeting with Barwell and that they had never agreed with the amount claimed by LOL. After this meeting, the Brays and LOL continued to do business, and there was no further correspondence from the Brays to Barwell questioning the open account charges. The Brays' affidavit asserted, however, that they continued to inform an LOL sales representative, on several occasions, that they considered LOL's invoices to include charges for deliveries that were never made. Between October 1999 and August 2000, the Brays wrote three letters to Barwell informing her of financial difficulties they were experiencing and seeking a forbearance from LOL.

Upon consideration of the foregoing evidence, the district court granted LOL's motion for summary judgment. Despite the Brays' assertion that they had not agreed with LOL's accounting, the court determined that the Brays' failure to object in writing to the monthly LOL invoices, their continuing to do business with LOL for a period of nearly three years after their meeting with Barwell, and the absence of any challenge to the account charges in the Brays' letters requesting forbearance, all supported an inference that the Brays did not sincerely dispute the amount of the obligation. On this basis, the district court concluded that there was no genuine issue of material fact and granted LOL's summary judgment motion. The Brays filed a motion to alter or amend the judgment and a motion to file a supplemental affidavit, both of which were denied. They now appeal.

## II.

## ANALYSIS

Summary judgment under Idaho Rule of Civil Procedure 56(c) is appropriate if the evidence before the court discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is impermissible

when there is a conflict in the evidence respecting material issues of fact or when the evidence raises a question of the credibility of witnesses. *Wait v. Leavell Cattle, Inc.,* 136 Idaho 792, 798, 41 P.3d 220, 226 (2001); *First Sec. Bank of Idaho, N.A. v. Murphy,* 131 Idaho 787, 792, 964 P.2d 654, 659 (1998); *Hines v. Hines,* 129 Idaho 847, 853, 934 P.2d 20, 26 (1997); *Straley v. Idaho Nuclear Corp.,* 94 Idaho 917, 918–19, 500 P.2d 218, 219–20 (1972). The burden of proving the absence of material factual issues is upon the moving party. *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002); *Baxter v. Craney,* 135 Idaho 166, 170, 16 P.3d 263, 267 (2000); *Evans v. Griswold,* 129 Idaho 902, 905, 935 P.2d 165, 168 (1997). When a motion for summary judgment is made in a case that would otherwise be tried to a jury, the court must draw all reasonable inferences supported by the evidence in favor of the party resisting the motion. *Mastrangelo v. Sandstrom, Inc.,* 137 Idaho 844, 846, 55 P.3d 298, 300 (2002); *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.,* 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994); *Burgess Farms v. New Hampshire Ins. Group,* 108 Idaho 831, 835, 702 P.2d 869, 873 (Ct.App.1985). Therefore, where a jury has been requested, even where there exists no direct conflict in the evidence, a summary judgment motion must be denied "if the evidence is such that conflicting inferences may be drawn therefrom, and if reasonable people might reach different conclusions." *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990).

When an action is to be tried without a jury, however, the court is not compelled to draw inferences in favor of the party opposing the motion; rather, the court is "free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts." *Loomis v. City of Hailey,* 119 Idaho 434, 437, 807 P.2d 1272, 1275 (1991); *Argyle v. Slemaker,* 107 Idaho 668, 670, 691 P.2d 1283, 1285 (Ct.App.1984). For example, in *Drew v. Sorensen,* 133 Idaho 534, 540, 989 P.2d 276, 282 (1999), the Idaho Supreme Court held that, because the intended purpose of an easement was uncontroverted, the trial court was free to draw inferences about the reasonableness of the dominant landowner's actions and thereby determine, on a summary judgment, whether those actions were inconsistent with the purpose of the easement. In such instances, summary judgment is permissible, despite the possibility of conflicting inferences, because even if a trial were conducted, the court alone would resolve the conflict between those inferences. *Steiner v. Ziegler–Tamura Ltd., Co.,* 138 Idaho 238, 241, 61 P.3d 595, 598 (2002). Here, because neither party had requested a jury trial, the district court relied upon this authority to draw inferences that it deemed to be most reasonable.

The Brays contend that the district court exceeded its authority, however, because it did not merely draw inferences from uncontroverted facts but made credibility determinations and made findings on facts that were in dispute, which is impermissible on summary judgment even when the court would be the fact finder at trial. We conclude that the Brays' argument is well taken. The legal standard allowing a trial court presented with a summary judgment motion to draw inferences favorable to the movant is to be applied only in the face of *undisputed* facts. When evidence on material issues is in conflict, the evidentiary facts must be viewed in favor of the party opposing the motion. *Argyle,* 107 Idaho at 670, 691 P.2d at 1285. Here, the evidence frames factual issues. The Brays' affidavit asserted that they continued to disagree with the account charges long after their meeting with Barwell and that on several occasions they informed LOL's sales representative that the Brays believed they were being charged for product that they were not receiving. Evidence as to the amount owed and whether the Brays had protested LOL's charges was thus in conflict. In concluding that the Brays' actions supported an inference that they did not sincerely dispute the amount of their obligation to LOL, the district court indirectly ruled on the Brays' credibility. The determination of a party's credibility may not be determined on summary judgment if that credibility can be tested by testimony in court before the trier of fact. *Id.* at 670, 691 P.2d at 1285;

**820**

*Intermountain Forest Mgmt., Inc. v. Louisiana Pac. Corp.*, 136 Idaho 233, 238, 31 P.3d 921, 926 (2001). Therefore, the grant of summary judgment in this case was in error.

Both parties have requested an award of attorney fees on appeal pursuant to Idaho Code § 12–120(3). A prerequisite to an award of attorney fees under that section is that there be a prevailing party in the litigation. Although the Brays were successful on this appeal, it remains to be determined which party will ultimately prevail on remand to the district court. If the prevailing party on remand satisfies the other requirements of I.C. § 12–120 for an award of attorney fees, the district court, in fixing the award, should consider the fees incurred during this appeal. *Magic Lantern Prods., Inc. v. Dolsot*, 126 Idaho 805, 808, 892 P.2d 480, 483 (1995), *overruled on other grounds by Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 36 P.3d 218 (2001); *Priceco, Inc. v. Youngstrom*, 117 Idaho 213, 218, 786 P.2d 606, 611 (Ct.App.1990).

### III.

### CONCLUSION

The summary judgment in favor of LOL is reversed and the case remanded. No attorney fees are awarded on appeal. Costs to appellants.

Judge PERRY and Judge GUTIERREZ concur.