IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39861

| LIVINGSTON J. PAPSE, SR., | ) | 2013 Unpublished Opinion No. 755 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Livingston J. Papse, Sr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Livingston J. Papse, Sr., appeals from the judgment denying his post-conviction claims. He argues that the trial court erred by denying his claims that his attorney provided ineffective assistance of counsel by improperly advising him regarding his guilty plea and by failing to object to the prosecutor's breach of the plea agreement. We affirm.

## I.

## BACKGROUND

This is Papse's second appeal in this case. In our opinion on his first appeal, *Papse v. State*, Docket No. 37446 (Ct. App. Feb. 2, 2011) (unpublished), we summarized the facts of the underlying criminal proceedings:

> In 2008, Papse was charged with felony driving under the influence of alcohol. [Idaho Code] §§ 18-8004 and 18-8005(5). Papse was offered a plea agreement under which the state agreed to request a sentence consisting of a unified term of four years, with a minimum period of confinement of two years, in exchange for Papse's guilty plea. Papse accepted the plea agreement and pled

1

guilty. The district court, however, declined to follow the state's recommendation and sentenced Papse to a unified term of eight years, with a minimum period of confinement of four years. Papse filed a direct appeal asserting that his sentence was excessive, which this Court affirmed in an unpublished opinion. *State v. Papse*, Docket No. 35371 (Ct. App. Feb. 10, 2009).

Following his direct appeal, Papse filed a pro se petition for post-conviction relief pursuant to Idaho Code § 19-4901, *et seq.* He alleged that his plea was not knowingly, intelligently, and voluntarily given; that his plea agreement was violated by the prosecutor; that his attorney was ineffective for improperly advising him regarding his guilty plea and failing to object to the breach of the plea agreement; and that his attorney improperly induced him to plead guilty. Along with his petition, Papse filed a motion requesting the appointment of counsel. Before the State replied, the court denied the motion for the appointment of counsel and entered its notice of intent to dismiss the post-conviction action pursuant to I.C. § 19-4906. Thereafter, the district court dismissed the post-conviction action. Papse appealed, and we held that the post-conviction court erred by not appointing counsel and remanded for further proceedings in which Papse would have counsel. On remand, the post-conviction court appointed counsel for Papse and held an evidentiary hearing before dismissing Papse's case.

In rendering its decision on remand, the trial court reviewed the transcripts of the plea colloquy and the sentencing hearing. At the plea hearing, Papse had indicated that counsel had adequately assisted him and had helped him understand the plea colloquy questions. After the court concluded the plea colloquy, it found that Papse knowingly, intelligently, and voluntarily pleaded guilty.

At the sentencing hearing, Papse's attorney requested that the court either impose the prison sentence recommended by the State, consisting of a unified sentence of four years in prison with two years determinate, or put Papse on probation with some form of intensive, outpatient treatment. In response, the State recounted Papse's long criminal record. This record covered at least four decades, showed that Papse had committed serious crimes and demonstrated that Papse's behavior had not changed with age. Thereafter, the prosecutor stated:

> So although Mr. Papse might be hoping for probation today, I think that prison is the only alternative in this case. So it's, I guess, with great enthusiasm today that I come before the Court and recommend to the Court a four-year sentence with those first two years fixed.

Papse's counsel did not object to the prosecutor's argument. He did complain that the argument was somewhat inconsistent with the agreed recommendation, but stated that he did not believe that Papse would be entitled to any remedy for that inconsistency. Thereafter, the trial court imposed a unified sentence of eight years in prison with four years determinate.

In addition to reviewing the transcripts from the criminal case, the post-conviction court heard testimony at the evidentiary hearing. Papse testified in support of his claim that he did not knowingly, intelligently, and voluntarily plead guilty. He claimed he did not understand the questions on the guilty plea questionnaire or those asked by the judge during the plea colloquy. Instead, he asserted, he parroted the answers his attorney gave him because he wanted to benefit from the plea agreement. Papse also testified that his attorney improperly induced his guilty plea by telling Papse that he would be given the sentence that the State had agreed to recommend.

Finally, Papse at one point testified that the prosecutor breached the plea agreement by recommending a unified sentence of eight years in prison with four years determinate, but he later acknowledged that the prosecutor did not ask for a longer sentence than the one he had agreed to recommend.

Papse's defense counsel testified at the evidentiary hearing and rebutted all of these claims. He testified that he and Papse discussed the questions on the guilty plea advisory form and some of the questions asked during the plea colloquy at length. He testified that it took longer to work through these questions than it did with other clients because Papse had some trouble hearing, reading, or understanding some questions. However, after these conversations, the attorney was confident that Papse understood the questions, and he gave appropriate responses of his own accord and without any compulsion from counsel. Likewise, Papse's attorney testified that he explained the recommendation process properly, making clear that the judge was not bound by any sentencing recommendation. The attorney said that after this explanation, and before Papse pleaded guilty, Papse adequately understood the process. Finally, he testified that the State gave the sentencing recommendation it had agreed to give.

Although it was not procedurally required, following the evidentiary hearing the post-conviction court issued a notice of its intent to summarily dismiss Papse's claims pursuant to I.C. § 19-4906. It appears that the court did so in order to allow Papse one further opportunity to submit any additional evidence. Papse filed a response to the notice of intent, but the court ultimately denied all of Papse's claims.

## II.

## ANALYSIS

Papse raises numerous issues and arguments on appeal, but they can be distilled down to two claims: his attorney provided ineffective assistance of counsel by (1) improperly advising him regarding his guilty plea, and (2) failing to object to the prosecutor's breach of the plea agreement.[1]

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). Findings will not be deemed clearly erroneous if they are supported by substantial and competent evidence in the record. *Whiteley v. State*, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998); *Stuart v. State*, 127 Idaho 806, 813, 907 P.2d 783, 790 (1995). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be

---

[1]    Papse also raises the issue of ineffectiveness of counsel in a prior appeal. We do not consider this claim because it was not pled in his petition and is raised for the first time on appeal. *See Dunlap v. State*, 146 Idaho 197, 199, 192 P.3d 1021, 1023 (2008). Likewise, we do not consider the issues Papse raised for the first time in his reply brief. *Row v. State*, 135 Idaho 573, 580, 21 P.3d 895, 902 (2001).

drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

The post-conviction court dismissed Papse's claims after an evidentiary hearing, but cited and apparently applied legal standards governing summary dismissal. This was incorrect. Idaho Code § 19-4906 permits summary dismissal when the applicant is not entitled to post-conviction relief "on the basis of the application, the answer or motion, and the record," and "no purpose would be served by any further proceedings." Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. Idaho Rule of Civil Procedure 56; *Franck-Teel v. State*, 143 Idaho 664, 667-68, 152 P.3d 25, 28-29 (Ct. App. 2006). Summary dismissal is impermissible when there is a conflict in the evidence respecting material issues of fact or when the evidence raises the question of the credibility of witnesses. *Land o'Lakes, Inc. v. Bray*, 138 Idaho 817, 818-19, 69 P.3d 1078, 1079-80 (Ct. App. 2003). After the court holds an evidentiary hearing, however, the trial court may weigh the evidence, make credibility determinations, and resolve factual issues just as it may in any other civil court trial. *See, e.g.*, *Richman v. State*, 138 Idaho 190, 192, 59 P.3d 995, 997 (Ct. App. 2002); *Larkin*, 115 Idaho at 73, 764 P.2d at 440. In this case, the court nominally applied the summary dismissal standard, but also considered the credibility of witnesses.

Papse does not challenge this procedural irregularity nor could he logically do so since the standard applied by the court is more favorable to Papse than the correct standard that applies following an evidentiary hearing. On appellate review, we will apply the standard that is applicable to review of a trial court's findings after an evidentiary hearing.

As to the claim that Papse's attorney was ineffective because he improperly advised Papse regarding the plea, we conclude that the denial of the claim is supported by substantial evidence. Papse and his attorney offered diametrically opposing testimony. The district court found Papse's attorney credible and did not find Papse credible. The testimony that was credited by the district court shows that Papse was given the proper advice and his attorney's performance was not deficient.

5

Turning to the second issue on appeal, the breach of the plea agreement, the record is scant. Our prior decision stated, "We remand so that Papse may present [his ineffective assistance of counsel regarding entry of his plea claim] and *the remainder of his post-conviction claims* with the assistance of appointed counsel." *Papse*, Docket No. 37446 (emphasis added). However, at the beginning of the evidentiary hearing, the parties and the court agreed the focus of the hearing was the guilty plea issue and not the breach of a plea agreement issue. The district court's comments at the outset of the evidentiary hearing and in its post-hearing notice of intent to dismiss indicate that Papse's counsel requested a hearing solely on the first issue, but that motion itself is not in the record. It may be that the claim of breach of the plea agreement was abandoned below, but that is not clear. Therefore, we will address it based on the evidence that was presented to the trial court, including the transcript of Papse's sentencing hearing.[2]

Papse argues that his counsel failed to object to the prosecutor's breach of the plea agreement. First, he claims that the prosecutor was bound to make the recommendation he agreed to make and that making any statement outside the express content of the plea agreement violates his rights. Second, he claims that the prosecutor's comments essentially disavowed the recommendation.[3]

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. If the prosecution has breached its promise given in a plea agreement, the defendant will be entitled to relief. *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002). As a remedy, the court may order specific performance of the

---

[2] The district court's post-hearing notice of intent to dismiss does not analyze the breach of plea claim, and the memorandum decision dismissing the case addresses it only briefly:

> Finally, Papse alleges that the prosecutor committed prosecutorial misconduct when he brought up Papse's troubled past. These claims are similar to the claims already raised in Papse's Petition and constitute argument rather than the submission of additional facts that have not been previously considered.
>
> The Court has carefully analyzed all of these claims and concludes that Papse fails to show any new or additional information that would justify reconsideration of this Court's Intent to Dismiss the Petition.

[3] To the extent Papse also argues that the prosecutor expressly recommended some sentence other than a unified sentence of four years in prison with two years determine, his claim is contradicted by the record.

6

agreement or may permit the defendant to withdraw the guilty plea. *Santobello v. New York*, 404 U.S. 257, 263 (1971); *State v. Jones*, 139 Idaho 299, 302, 77 P.3d 988, 991 (Ct. App. 2003).

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. *United States v. Benchimol*, 471 U.S. 453, 455 (1985); *Jones*, 139 Idaho at 302, 77 P.3d at 991. A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something that the prosecutor no longer supports. *Jones*, 139 Idaho at 302, 77 P.3d at 991. Although prosecutors need not use any particular form of expression in recommending an agreed sentence, their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse. *Id.*

A plea bargain that requires the State to recommend a specific sentence does not require the State to offer its recommended sentence and then stand silently. *State v. Halbesleben*, 147 Idaho 161, 168, 206 P.3d 867, 874 (Ct. App. 2009). In *Halbesleben*, defense counsel had indicated an intention to seek lesser sentences. In response, the prosecutor presented vigorous arguments "to dissuade the district court from any downward deviation from the recommended sentences." *Id*. Then the prosecutor firmly recommended the bargained sentence and linked that sentence to the relevant sentencing considerations, including protection of the public safety. This Court held that the prosecutor had not breached the agreement. *Id.*

Conversely, we have recognized occasions where a prosecutor's argument amounts to a breach of a plea agreement, as where the prosecutor expressly indicates unease with the recommendation. *See State v. Wills*, 140 Idaho 773, 774, 102 P.3d 380, 381 (Ct. App. 2004) (The prosecutor said, "I think the state is showing great restraint by only recommending that sentence."); *Jones*, 139 Idaho at 302, 77 P.3d at 991 (The prosecutor said, "I originally, when we had the preliminary hearing, had offered that I would recommend retained jurisdiction. I'm bound by that. Certainly the court will do what Your Honor feels is appropriate.") (internal editing marks omitted). In other circumstances, we have held that "highlight[ing] the contrary recommendation of the PSI investigator as well as the basis for that recommendation" may cross the line from zealous advocacy to a breach of a plea agreement. *State v. Daubs*, 140 Idaho 299, 301, 92 P.3d 549, 551 (Ct. App. 2004).

The record before us shows that the prosecutor did not breach the plea agreement with Papse. The prosecutor recommended the sentence he had agreed to recommend, offered relevant facts to support that recommendation, and buttressed the recommendation against a downward departure. These arguments are analogous to those permitted in *Halbesleben*. The prosecutor's expression of "great enthusiasm," as shown in the transcript, does not show breach of the plea agreement. It does not express unease with the recommendation or a repudiation of it. While that comment may have been made in a tone that conveyed irony or sarcasm, the cold transcript does not convey that, and defense counsel's testimony at the evidentiary hearing did not express any such concern about the prosecutor's argument at sentencing.

Because Papse has not shown that the prosecutor breached the plea agreement, he also has not shown that his attorney was ineffective for failing to seek a remedy. Therefore, the district court did not err in denying this claim.

### III.

### CONCLUSION

Papse has shown no reversible error in the trial court's denial of his post-conviction claims. Therefore, the judgment denying relief on Papse's post-conviction claims is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**