**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40902**

| | | |
|---|---|---|
| ARTURO SALINAS, | ) | **2014 Unpublished Opinion No. 877** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 23, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Arturo Salinas appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we vacate and remand.

**I.**

**FACTS AND PROCEDURE**

Underlying this post-conviction relief action is Salinas' guilty plea to aggravated battery, with an enhanced sentence for use of a firearm or deadly weapon. Salinas was sentenced to a unified term of twenty years, with five years determinate. Following the entry of the judgment of conviction, Salinas filed an Idaho Criminal Rule 35 motion to reduce his sentence. Although the Rule 35 motion was denied, Salinas did not appeal either the judgment of conviction or the denial of his Rule 35 motion.

1

Subsequently, Salinas filed a pro se petition for post-conviction relief alleging among other claims that defense counsel failed to file an appeal, a memorandum in support of the petition, and a motion for appointment of post-conviction counsel.[1] The court filed a notice of intent to partially summarily dismiss the pro se petition, but appointed counsel to address the allegation that defense counsel provided ineffective assistance by failing to file an appeal.[2] In response, the State filed a motion for summary dismissal, which addressed all claims including the failure to file an appeal claim. Although he was represented, Salinas filed a pro se response to the notice of intent to dismiss and filed a response to the State's motion for summary dismissal. The court entered an order partially summarily dismissing the claims raised by Salinas, based upon its notice of intent to dismiss, leaving only the failure to file an appeal claim. As to the remaining claim, Salinas, with the assistance of counsel, filed an affidavit. The State filed a supplemental motion for summary dismissal, attaching an affidavit from Salinas' defense counsel. Following a hearing, the district court issued a memorandum decision and order granting the State's motion for summary dismissal. Salinas appeals.[3]

## II.

## ANALYSIS

Salinas raises three issues on appeal. First, Salinas contends the district court erred by dismissing the failure to file an appeal claim on grounds separate from those raised by the State and for which he was not given notice, as required under Idaho Code § 19-4906. Second, Salinas asserts that the district court erred when it determined that Salinas did not submit admissible evidence to support his claim that defense counsel failed to file an appeal. Finally, Salinas argues that the district court erred by summarily dismissing the failure to file an appeal claim

---

[1]     The petition contained a statement at the end that provided, "I am the Petitioner herein. I have read the enclosed Petition for Post Conviction Relief. I know the contents thereof and believe them to be true and correct to the best of my belief." Similarly, the memorandum stated, "I am the Petitioner herein. I have read the enclosed Memorandum of facts and law. I know the contents thereof, and believe them to be true and correct."

[2]     The court's notice of intent to dismiss did not address the failure to file an appeal claim.

[3]     The issues on appeal only concern the court's summary dismissal of the failure to file an appeal claim. We also note that prior to the assignment of the appeal to this Court, the State moved the Idaho Supreme Court to remand the case, contending that the district court failed to provide the requisite twenty days' notice and applied the incorrect legal standard. The Idaho Supreme Court denied the motion to remand, leaving the issue to be addressed in the briefing.

2

because there were material issues of fact and because the district court applied the incorrect standard. We conclude that Salinas' first issue concerning the lack of notice is dispositive.

## A.    Notice

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Salinas asserts that, because the district court dismissed his petition for post-conviction relief on grounds different than those asserted by the State, the district court was required, pursuant to I.C. § 19-4906(b), to provide him with twenty days' notice. Where the State has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). If the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

In this case, the State's initial motion for summary dismissal asserted that Salinas had not raised a genuine issue of material fact. The motion further articulated that: (a) Salinas was aware of the possibility of filing an appeal, because the Court had advised him of his right to

appeal at sentencing; (b) Salinas had not alleged that he requested an appeal; and (c) the State did not know of any obligation for trial counsel to consult with Salinas about filing an appeal. Salinas responded by filing a pro se document arguing that his attorney had a duty to consult with him and by also filing, with the assistance of counsel, an "affidavit" that stated, "Immediately after my sentencing hearing I asked my attorney to appeal and file a motion to reduce my sentence."

In response to the newly filed "affidavit," the State filed a supplemental motion for summary dismissal, again noting that "the petition fail[ed] to raise a genuine issue of material fact" and also contending that "the petitioner's claim is based on patently false factual assertions." The State asserted that if Salinas' averment in the affidavit were true, the averment would have been present in the initial pleadings, and asserted that the averment was contradictory to Salinas' claim that defense counsel never spoke to Salinas about the issue of appealing. In support of the supplemental memorandum, the State included an "affidavit" of Salinas' defense counsel. Defense counsel explained that Salinas had contacted him and requested him to file a Rule 35 motion, but that Salinas never contacted him again and never requested an appeal. With defense counsel's affidavit, the State contended that Salinas' affidavit was disingenuous and that dismissal was appropriate.

Following the summary dismissal hearing at which the State argued the grounds in its supplemental motion for summary dismissal, the district court dismissed Salinas' failure to file an appeal claim on two grounds. First, the district court determined that Salinas had not supported the claim with admissible evidence because neither the petition nor affidavit was correctly verified. Second, the court determined that even if the affidavit were correctly verified, "the court will have sworn statements by [Salinas] that are inapposite of whether or not [Salinas] requested an appeal of his trial counsel." Specifically, the court found that Salinas had not met his burden of showing that he requested an appeal or that counsel refused to file an appeal or that an appeal would not have been frivolous.

However, the grounds upon which the district court summarily dismissed the failure to file an appeal claim were not the grounds argued by the State in the supplemental motion for summary dismissal or at the summary dismissal hearing. The State's motion did not give Salinas notice that his petition could be dismissed because the petition and affidavit were technically deficient in the form of the verification. Rather, the State's motion asked the court to disbelieve

4

Salinas' affidavit because it was not credible and allegedly was contradicted by the original petition and by defense counsel's "affidavit." It is upon this basis, though improper for summary disposition, *see Land O'Lakes, Inc. v. Bray*, 138 Idaho 817, 818-19, 69 P.3d 1078, 1079-80 (Ct. App. 2003) (explaining that "[t]he determination of a party's credibility may not be determined on summary judgment if that credibility can be tested by testimony in court before the trier of fact."), that the State asserted the evidence submitted by Salinas was insufficient. The State did not claim, and no notice was provided, that the evidence submitted was inadmissible due to the lack of proper verification. This deficiency in the form of Salinas' affidavit is something that likely could have been cured if proper notice had been given. Accordingly, the lack of notice requires we remand the case for further proceedings relative to the failure to file an appeal claim. Although this Court need not address Salinas' remaining arguments, in the interest of judicial economy and for guidance on remand, we now turn to the remaining arguments.

**B.    Admissible Evidence**

Salinas asserts that the district court erred when it determined that Salinas did not submit admissible evidence to support his failure to file an appeal claim. For a post-conviction petition and memorandum, "[f]acts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct." I.C. § 19-4902(a). Here, Salinas' averments in the petition and memorandum are each made upon Salinas' *belief* that they are true. This is inadequate under the statute, which requires that the averments be affirmatively sworn to be true. *See id.*; *cf. Tapper Chevrolet Co. v. Hansen*, 95 Idaho 436, 439, 510 P.2d 1091, 1094 (1973) ("The other two averments, made upon advice and belief and information and belief, are also inadequate under I.R.C.P. 56(e), which requires that affidavits be made 'on personal knowledge.'"). Moreover, although Salinas' faulty petition and memorandum were "Prepared by Constitutional Alternatives for Pro-Se Litigants," we note that the Idaho Supreme Court provides a model form for petitioners to use in I.C.R. 57, and the Idaho Supreme Court's form provides the correct statement of the oath or affirmation.[4]

---

[4]    The Idaho Supreme Court form provides:

> I, _____, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; and that the matters and allegations therein set forth are true.

The district court also correctly determined that Salinas' affidavit was not an affidavit under the law. An affidavit must be subscribed to and sworn to as an oath or affirmation before an officer authorized to administer oaths, such as a notary public. *See Fields v. State*, 155 Idaho 532, 537, 314 P.3d 587, 592 (2013); *Evans v. Twin Falls Cnty*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990). Salinas' affidavit contains Salinas' signature along with the notary's stamp, commission expiration date, signature, and residence information. But Salinas' affidavit lacks an oath or affirmation signed by Salinas and also lacks a jurat, stating that the document was subscribed and sworn before the notary.[5] *See* I.C. § 51-109(2) (providing, "An oath or affirmation, which is in writing, shall be signed by the person who takes it, and the notary public shall enter" a jurat under the signature).

## C. The District Court's Alternative Reasoning

Finally, Salinas argues that the district court erred by summarily dismissing the failure to file an appeal claim because there were material issues of fact and because the district court applied the incorrect standard. The alternative reasoning proffered by the district court for dismissing Salinas' failure to file an appeal claim stated:

> Even if the document filed by [Salinas] on February 7, 2013 was sworn as affirmatively true and correct, the court will have sworn statements by [Salinas] that are inapposite of whether or not [Salinas] requested an appeal of his trial counsel. . . . The court has not presumed error in this case because [Salinas] has not met his burden of showing that [Salinas] requested an appeal and that counsel refused to file an appeal or that the appeal would not have been frivolous.

We note that summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. Disregarding its technical deficiencies, Salinas' affidavit asserted that he "asked [his] attorney to appeal and file a motion to reduce [his] sentence." This

---

[5] Similarly, the affidavit of Salinas' defense counsel filed by the State is deficient. Although defense counsel stated in the affidavit that he swore to his averments, the notary public merely acknowledged the identity of the affidavit's signatory. An affidavit must be subscribed and sworn to before a notary, and the notary must provide a jurat in accord with Idaho Code § 51-109(2). *See Houston v. Whittier*, 147 Idaho 900, 902, 216 P.3d 1272, 1274 (2009) ("The declaration lacked a jurat, which is necessary in order for it to constitute an affidavit."); *Evans v. Twin Falls Cnty*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990) ("The 'affidavit' filed by Mr. Evans, while in partial affidavit form, is not subscribed and sworn to as an oath or affirmation, as required of an affidavit."). An acknowledgement is not a verification by oath or affirmation. *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 607, 238 P.3d 203, 207 (2010).

raises an issue of material fact because an attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994). Taking Salinas' assertion as true, Salinas demonstrated deficient performance. Furthermore, prejudice is presumed under these circumstances. *Gosch v. State*, 154 Idaho 71, 76, 294 P.3d 197, 202 (Ct. App. 2012) (presuming prejudice when a defendant proves that he made an unequivocal request for counsel to file an appeal); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."). Thus, the issue of material fact raised by Salinas' affidavit, if resolved in Salinas' favor, would entitle Salinas to relief, and summary dismissal would be inappropriate if the affidavit were properly verified.

### III.

### CONCLUSION

Neither the basis for which Salinas was given notice by the State's motion, nor the bases on which the court dismissed without notice provide a valid basis for summary dismissal. Hence, we vacate the district court's judgment summarily dismissing Salinas' petition for post-conviction relief and remand the case for further proceedings consistent with this opinion.

Judge LANSING and Judge GRATTON, **CONCUR**.